**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **ASHLEIGH PATTON** individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _3:23-331-JFA_____ |
| **RARE HOSPITALITY INTERNATIONAL, INC.** | § § § | JURY TRIAL DEMANDED |
| Defendant. | § § § § § | COLLECTIVE ACTION |

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff, Ashleigh Patton ("Patton" or "Plaintiff"), individually and on behalf of all other similarly situated employees, files this Complaint against Rare Hospitality International, Inc. ("Defendant"), showing in support as follows:

## I.     NATURE OF CASE

1.     This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA"), seeking damages for Defendant's failure to pay Plaintiff all minimum wages owed while working for Defendant paid on a hybrid sub-minimum wage and tips basis.

2.     The FLSA allows employers to pay sub-minimum wages to employees who receive tips. 29 U.S.C. § 203(m). In so doing, employers may take a "tip credit," which allows employers to include in their calculation of tipped employees' wages the amount that an employee receives in tips. *Id.* An employer must advise an employee *in advance of its use of the tip credit* that it intends to pay its employees on this basis pursuant to the provisions of § 203(m). That is, the employer must inform the employee: (1) the amount of the wage that is to be paid to the tipped

employee; (2) the amount by which the wages of the tipped employee are increased due to the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool, and (4) that the tip credit shall not apply to any employee who does not receive the notice.

3.    Defendant violated the FLSA by:

(a) Failing to provide adequate notice of its payment of sub-minimum wages to servers, bartenders, and other properly tipped employees (collectively, "tipped employees");

(b) Requiring tipped employees to spend more than 20% of their time and continuous periods of time exceeding 30 minutes at work engaged in non-tipped side work related to the tipped profession; and

(c) Requiring tipped employees to perform non-tipped side work unrelated to the tipped profession.

4.    Defendant's practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m) violates the FLSA's minimum wage provision. *See* 29 U.S.C. §§ 203, 206. As a result, Defendant loses the right to rely on the tip credit, and must compensate Plaintiff at the applicable federal, state, or local minimum wage rate. Additionally, Plaintiff is entitled to any tips Defendant misappropriated.

5.    Plaintiff brings this case as a collective action to recover the unpaid wages owed to Plaintiff and all other similarly situated current and former employees under 29 U.S.C. § 216(b), referred to herein as the putative Collective Action Members. Plaintiff will seek to issue notice to the putative Collective Action Members of the pendency of this action so they may have an opportunity to join this litigation as in *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## II.    THE PARTIES

### A.  Plaintiff Ashleigh Patton

6.    Plaintiff Patton is an individual residing in Kershaw County, South Carolina. Plaintiff has standing to file this lawsuit.

7.    Plaintiff was employed by Defendant from approximately April 2020 to January 2021.

8.    Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

**B.  Collective Action Members**

9.    The putative Collective Action Members are all current or former employees of Defendant who are/were paid on a hybrid of a sub-minimum wage hourly pay and tips from the period three years prior to the filing of this lawsuit through the date of its resolution. Because Defendant did not pay all compensation due to its employees paid on a hybrid of a sub-minimum wage hourly pay and tip basis, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

10.    The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

**C.  Defendant Rare Hospitality International, Inc.,**

11.    Defendant Rare Hospitality International, Inc., is a corporation organized under the laws of the State of Georgia.

12.    During all times relevant to this lawsuit, Defendant has done business in the State of South Carolina.

13.    At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

14.    At all times relevant to this lawsuit, Defendant employed and continues to employ

two or more employees.

15.    At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

16.    On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

17.    Defendant may be served with summons through its registered agent Corporate Creations Network, Inc., at 6650 River Save, N Charleston, South Carolina 29406, or wherever it may be found.

## III.    JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

19.    The United States District Court for District of South Carolina has personal jurisdiction over Defendant because Defendant does business in South Carolina and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in South Carolina and in this District.

20.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District.

## IV.    FACTUAL BACKGROUND

21.    Defendant Rare Hospitality International, Inc. operates a nationwide chain of restaurants known as Longhorn Steakhouse.

22.    Defendant employs tipped employees to provide services to its restaurant patrons.

23.    Plaintiff Patton was employed as a server at Defendant's restaurant located in Columbia, South Carolina from approximately April 2020 to January 2021.

24.    Defendant pays its tipped employees at an hourly rate below the applicable federal, state, or local minimum wage plus tips. By paying Plaintiff and the putative Collective Action Members less than the applicable minimum wage per hour, Defendant is taking advantage of a tip credit which allows Defendant to include in their calculation of wages a portion of the amounts Plaintiff receives as tips.

25.    Defendant does not satisfy the strict requirements under the FLSA that would allow them to pay a tip credit.

26.    Defendant maintained a policy and/or practice whereby they failed to provide tipped employees with the statutorily required notice that Defendant intended to pay tipped employees the tipped minimum wage rate.

27.    Defendant maintained a policy and/or practice whereby tipped employees were required to perform non-tip producing side work ***unrelated*** to the employees' tipped occupation. As a result, tipped employees are engaged in a dual occupation while being compensated at the tip credit rate.

28.    Defendant also maintained a policy and/or practice whereby tipped employees were required to spend a substantial amount of time, more than twenty percent of their working time or for a continuous period of time exceeding thirty minutes, performing non-tip producing side work ***related*** to the employees' tipped occupation.

29.    Specifically, Defendant maintained a policy and practice whereby tipped employees were required to spend a substantial amount of time performing non-tip producing side

work, including but not limited to, general cleaning of the restaurant, preparing food for customers, refilling condiments, and clearing tables.

30.     Defendant required tipped employees to perform non-tipped side work at the start and end of every shift. This included times before the restaurant opened and after the restaurant closed and customers had left.

31.     As a result, tipped employees spent in excess of two hours and more than twenty percent of their work time engaged in side work duties. Additionally, these tipped employees performed side work duties for a continuous period of time exceeding 30 minutes.

32.     Tipped employees were also engaged in "dual job" tasks.

33.     Defendant paid tipped employees for work at or below the reduced tip credit minimum wage rate.

34.     The duties that Defendant required tipped employees to perform are duties that are customarily assigned to "back-of-house" employees in other restaurants, who typically receive at least the full applicable minimum wage rate.

35.     The side work and dual job tasks that Defendant required tipped employees to perform included but was not limited to: (1) food preparation; (2) cleaning bathrooms; (3) refilling condiment bottles; (4) rolling silverware; (5) clearing tables; (6) sweeping; (7) vacuuming; (8) cleaning around beverage station.

36.      The side work and dual job duties described above are not specific to particular customers, tables, or sections, but are performed in mass quantities for the entire shift or for future shifts.

37.     Defendant's timekeeping system was or should have been capable of tracking multiple job codes for different work assignments.

38.     Because Defendant violated the FLSA's tipped employee requirements, Defendant loses the right to take a credit toward its minimum wage obligations.

39.     As such, Plaintiff and other similarly situated tipped employees were not compensated at the applicable federal, state, or local minimum wage. Plaintiff's and the putative Collective Action Members' tips have also been misappropriated by Defendant because of its wage violations.

40.     Defendant knows or should have known that its policies and/or practices violate the FLSA and Defendant has not made a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or with reckless disregard of the law carried and continues to carry out their illegal pattern and/or practice regarding its tipped employees. Defendant's method of paying Plaintiff and the putative Collective Action Members in violation of the FLSA was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Plaintiff and the putative Collective Action Members are entitled to a three-year statute of limitations.

## V.     <u>COLLECTIVE ACTION ALLEGATIONS</u>

41.     Plaintiff has actual knowledge that the putative Collective Action Members have also been denied pay at the applicable federal, state, or local minimum wage rate. These employees are/were subject to the same illegal pay practice described above.

42.     Defendant takes a tip credit against its minimum wage obligations for Plaintiff and all of their tipped employees. This pay practice applies to all of their restaurant locations.

43.     The putative Collective Action Members perform or have performed the same or similar work as Plaintiff.

44.     The putative Collective Action Members are not exempt from receiving pay at the applicable federal, state, or local minimum wage rate under the FLSA or applicable state or local minimum wage laws and/or regulations.

45.     As such, the putative Collective Action Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of minimum wage.

46.     Defendant's failure to pay for hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the putative Collective Action Members.

47.     The experiences of Plaintiff, with respect to her pay, is typical of the experiences of the putative Collective Action Members.

48.     The specific job titles or precise job responsibilities of each putative Collective Action Member does not prevent collective treatment.

49.     All of the putative Collective Action Members, regardless of their particular job requirements, are entitled to compensation for hours worked at the applicable federal, state, or local minimum wage rate.

50.     Although the exact amount of damages may vary between amount the putative Collective Action Members, their damages can be calculated by a simple formula applicable to all of them. The claims of all of the putative Collective Action Members arise from a common nucleus of operative facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all of the putative Collective Action Members.

51.     Due to the inherent nature of Defendant's tip credit and side work policies, all of Defendant's employees subject to a tip credit are similarly situated with respect to the violation.

52.     As such, Plaintiff seeks to bring claims under the FLSA pursuant to 29 U.S.C. § 216(b) on behalf of a collective preliminarily defined as:

> **All current or former employees of Defendant who are/were paid on a hybrid of a sub-minimum wage hourly pay and tips from the period three years prior to the filing of this lawsuit through the date of its resolution.**

53.     Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

54.     Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VI.     CAUSE OF ACTION – MINIMUM WAGES UNDER THE FLSA

55.     Plaintiff, on behalf of herself and the putative Collective Action Members, allege and incorporate by reference all allegations in the preceding paragraphs.

56.     Defendant has engaged in a widespread pattern, policy, and/or practice of violating the FLSA, as detailed in this Complaint.

57.     At all relevant times, Defendant has been and continues to be, an employer engaged in commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed "employees" including Plaintiff and the putative Collective Action Members.

58.     Defendant was required to pay directly to Plaintiff and the putative Collective Action Members the applicable federal, state, or local minimum wage rates for all hours worked.

59.     Defendant failed to pay Plaintiff and the putative Collective Action Members the minimum wages to which they are/were entitled under the FLSA.

60.     Defendant was not eligible to avail itself of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201-219, because Defendant failed to inform Plaintiff and the putative Collective Action Members of the provisions of § 203(m) of the FLSA.

61.     Defendant also required Plaintiff and the putative Collective Action Members to perform a substantial amount of dual job duties and side work in excess of twenty percent of their work time for a continuous period of time exceeding thirty minutes. During these periods, Defendant compensated Plaintiff and the putative Collective Action Members at sub-minimum wage rates rather than at the full hourly minimum wage rate as required by 29 U.S.C. §§ 201-219.

62.     Defendant also regularly required Plaintiff and the putative Collective Action Members to perform non-tipped side work ***unrelated*** to their tipped occupation such as cleaning restrooms, cleaning kitchen, and/or preparing salads. During these periods, Defendant compensated Plaintiff and the putative Collective Action Members at sub-minimum wage rates rather than at the full hourly minimum wage rate as required by 29 U.S.C. §§ 201-219.

63.     Defendant's unlawful conduct, as described in this Complaint, was willful and intentional. Defendant is/was aware or should have been aware that the practices described in this Complaint were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the putative Collective Action Members.

64.     Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies. *See* 29 U.S.C. § 255(a).

65.     As the result of Defendant's willful violations of the FLSA, Plaintiff and the putative Collective Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of

such amounts, liquidated damages, post-judgment interest, attorney's fees, costs, and all other damages permitted under the FLSA.

### VII.    JURY DEMAND

66.    Plaintiff demands a jury trial.

### VIII.    DAMAGES AND PRAYER

67.    Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

      a.    An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

      b.    All damages allowed by the FLSA, including back wages;

      c.    Liquidated damages in an amount equal to FLSA-mandated back wages;

      d.    Legal fees;

      e.    Costs;

      f.    Post-judgment interest;

      g.    All other relief to which Plaintiff and the collective action members may be justly entitled.

Dated: January 24, 2023

      Respectfully submitted,

      */s/Jacob J. Modla*
      Jacob J. Modla
      **The Law Offices of Jason E. Taylor P.C.**
      115 Elk Avenue
      Rock Hill, SC 29730
      Tel:803-328-0898
      Email: jmodla@jasonetaylor.com

      **ATTORNEY FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing document was electronically served on all counsel of record via the Court's Electronic Filing System.

<u>*/s/Jacob J. Modla*</u>
Jacob J. Modla